UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No. 24-11598 |
|---|---|
| GO NORTH GROUP AB, | Chapter 15 |
| Debtor in a Foreign Proceeding. | |

# **DECLARATION OF MAGNUS LÖFVING**

I, Magnus Löfving, hereby declare:

1. I am an attorney with the law firm Advokatfirman Lindahl in Gothenburg Sweden, and the Chairman of its insolvency group.

2. The firm is one of Sweden's largest business law firms with a vast team of lawyers, associate attorneys, economists and administrative staff experienced in handling corporate restructurings.

3. On September 16, 2024, on petition of the above-named debtor Go North Group AB ("Debtor"), the Gothenburg District Court appointed me reconstructor (administrator) of the Debtor under the Swedish Company Restructuring Act (*Lag om företagsrekonstruktion (SFS 2022:964)*).

4. Annexed hereto as Exhibit 1 is an English copy of a copy of my Gothenburg District Court appointment certificate which affirms the existence of the Debtor's restructuring proceeding before said court ("Swedish Proceeding") and lists its case number; and annexed hereto as Exhibit 2 is an English copy of the Swedish Company Restructuring Act which governs the Swedish Proceeding.[1]

5. I understand that I qualify as foreign representative under 11 U.S.C. § 101(24) based on my having been appointed as administrator.

---

[1] The Swedish word for "reconstructor" in Exhibit 1 and "administrator" in Exhibit 2 ("rekonstruktör") are identical.

6. This declaration is being submitted in support of the accompanying petition to recognize the Swedish Proceeding as a foreign proceeding under 11 U.S.C. § 101(23), and more specifically as a foreign main proceeding under 11 U.S.C. § 1517(b).

7. The Swedish Company Restructuring Act contemplates a legal process intended to restructure a financially distressed company to allow it to continue its operations while addressing its debts. The goal is to preserve going concern value and prevent cash flow insolvency.

8. The act provides for the appointment of an administrator (Chapter 2 § 13) whose responsibilities include organizing a meeting of creditors (Chapter 2 § 14), investigating whether the business can continue in whole or in part and if so in what manner, assisting the debtor in preparing a restructuring plan and ensuring that the interests of creditors are not disregarded (Chapter 2 § 16).

9. The act provides for a meeting of creditors and the appointment of a creditors' committee (Chapter 2 § 18) which may be heard.

10. During the case's pendency, the debtor remains in possession of its property, provided it must comply with administrator instructions regarding the manner in which the business is operated and absent administrator consent the debtor may not pay obligations which arose prior to the initial order for relief or provide security for the same, assume new obligations not in the ordinary course of business or transfer, pledge or grant any rights in property of material significance. (Chapter 2 §§ 19-20.)

11. The act also provides for a stay of enforcement proceedings during the pendency of the case. (Chapter 2 §§ 23-26.)

12. Chapter 3 establishes rules governing treatment of certain types of contracts.

13. Chapter 4 sets parameters for a company restructuring following plan negotiations with creditors in a court-supervised process the goal of which is plan confirmation.

14. Chapter 5 sets rules for the recovery of preferential transfers and the exercise of setoff rights.

15. The entire process is court supervised and any creditor or the creditors' committee can seek appointment of a substitute administrator (Chapter 2 § 17) in the event of failure to comply with the duties prescribed by the act. In addition to being subject to court supervision, administrators are subject to supervision by the Swedish Enforcement Authority. (Chapter 7 § 1.) Accordingly, I understand the Swedish Proceeding constitutes a "foreign proceeding" under 11 U.S.C. § 101(23).

16. Moreover, the Debtor's registered office is in Gothenburg, Sweden. (<u>Exhibit 3</u>.) Accordingly, I understand that the Swedish Proceeding is presumptively a foreign main proceeding under 11 U.S.C. §§ 1516(c) and 1517(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Gothenburg, Sweden this 16th day of September, 2024.

_____
Magnus Löfving
Administrator