# Company Restructuring Act (SFS 2022:964)

## Chapter 1. Introductory provisions

### Scope of application

#### Section 1

This Act shall apply to a trader in financial difficulties which, following an order by a court, can restructure its business in a specific procedure under the guidance of an administrator (company restructuring).

#### Section 2

The Act does not apply to debtors which are:

1. credit institutions;

2. insurance undertakings;

3. occupational pension undertakings;

4. investment firms;

5. clearing organisations;

6. central securities depositories; or

7. financial institutions or holding companies which are placed into resolution pursuant to the Resolution Act (SFS 2015:1016).

The Act also does not apply to such debtors in which the State, a municipality, a region, or a municipal association has a controlling influence over the operations.

### Contents of the Act

#### Section 3

The Act is divided as follows.

Chapter 1 – Introductory provisions

Chapter 2 – General provisions regarding company restructuring

Chapter 3 – Contracts entered into prior to the order regarding company restructuring

Chapter 4 – Plan negotiation during the company restructuring

Chapter 5 – Avoidance and set-off during the company restructuring

Chapter 6 – Termination of the company restructuring

Chapter 7 – Supervision of administrators

Chapter 8 – Criminal sanctions and damages

Chapter 9 – Miscellaneous provisions

## International interests

### Section 4

Provisions of the International Interests (Mobile Equipment) Act (SFS 2015:860) which deviate from this Act shall take precedence over the provisions of this Act.

# Chapter 2. General provisions regarding company restructuring

## Application for company restructuring

### Section 1

An application for company restructuring may be submitted by the debtor or by a creditor. The application shall be submitted in writing to the district court.

The applicant shall state the facts on which the court's jurisdiction is based, and provide evidence in support thereof, unless such facts are known.

Sections 3 and 4 of the Insolvency Regulation of 2015 (Supplemental Provisions) Act (SFS 2017:473) contains additional provisions regarding the content of the application.

### Section 2

The Government, pursuant to Chapter 8, section 7 of the Instrument of Government, may issue regulations regarding which district courts may examine an application for company restructuring.

### Section 3

An application for company restructuring shall be personally signed by the applicant or the applicant's representative.

Where the application is submitted electronically, it shall be signed using such an advanced electronic signature as referred to in Article 3 of Regulation (EU) No 910/2014 of the European Parliament and of the Council of 23 July 2014 on electronic identification and trust services for electronic transactions in the internal market and repealing Directive 1999/93/EC, as originally worded.

### Section 4

An application by a debtor shall contain:

1. a brief statement regarding the debtor's finances and the reasons for the payment difficulties;

För användning i enlighet med Allmänna villkor för Norstedts Juridiks informationstjänster.

2. a schedule of creditors;

3. a statement regarding the manner in which the debtor believes the business is to be operated in the future and how the viability of the business shall be ensured;

4. a nomination of an administrator and the information necessary for the court to determine their suitability for the engagement; and

5. information regarding which creditors have been contacted prior to submission of the application and their position with respect to the nominated administrator.

## Section 5

An application by a creditor shall contain:

1. information regarding the creditor's claim against the debtor;

2. information regarding the debtor's financial difficulties;

3. a nomination of an administrator and the information necessary for the court to determine their suitability for the engagement; and

4. information regarding other creditors which have been contacted prior to submission of the application and their position with respect to the nominated administrator.

## Section 6

Where an application does not meet the requirements set forth in section 1 and 3–5, the applicant shall be ordered to remedy the deficiency. In the event the applicant does not comply with the order, the application shall be dismissed.

## Adjudication of the application for company restructuring

### Section 7

Where the debtor's application is not dismissed, the court shall examine it immediately.

### Section 8

Where a creditor's application is not dismissed, the court shall schedule a hearing within two weeks for the adjudication of the application. Where special reasons exist, the hearing may be held later, however not later than within six weeks.

The creditor who applied for company restructuring and the debtor shall be summoned to the hearing. The debtor shall be ordered, in the summons, to submit a statement in respect of the application not later than the time of the hearing. The summons shall contain information regarding the contents of section 9.

The creditor and the debtor shall be served with the summons. Service on the debtor may not be made pursuant to sections 34–38 and 48 of the Service of Process Act (SFS 2010:1932).

### Section 9

A creditor's application shall lapse where:

1. the debtor contests the application in writing;

2. the debtor or the creditor does not appear at the hearing referred to in section 8; or

3. the debtor is placed into bankruptcy.

## Orders regarding company restructuring

### Section 10

Company restructuring may be ordered only where:

1. it can be presumed that the debtor cannot pay its due and payable debts or that such inability will exist within a short time or that the debtor, in some other respect, is having financial difficulties which entail a risk of insolvency; and

2. there are clear grounds to believe that the viability of the business can be secured through the restructuring.

### Section 11

Company restructuring may not be ordered where the debtor's accounting records are so deficient or defective such that it is not possible to assess the course of the business activities, financial results, or financial position in general.

### Section 12

An application for company restructuring submitted by a creditor may be granted only where the debtor has consented to the application.

### Section 13

Where company restructuring is ordered, the court shall appoint an administrator at the same time. Where special cause exists, more than one administrator may be appointed. Before the court appoints an administrator, the supervisory authority shall be afforded the opportunity to be heard.

The court shall also determine the time for a meeting of the creditors before the court. Such meeting shall be held within three weeks of the order regarding company restructuring or at such later date following the order as is necessary.

### Section 14

Within one week following the order regarding company restructuring, the administrator shall notify all known creditors regarding the order.

The following shall be appended to the notice:

1. a preliminary schedule of the debtor's assets and liabilities;

2. the debtor's most recent annual report or annual accounts and such additional information as is necessary regarding the debtor's financial position;

3. information regarding the causes for the debtor's financial difficulties and how the business can be restructured; and

4. information regarding the date and time of the creditors' meeting as determined pursuant to section 13, second paragraph.

In the event the number of creditors with claims without rights of priority is extremely large, notices to such creditors may be replaced by notice through publication. Such publication shall contain information regarding the order for company restructuring and the date and time of the creditors' meeting.

## The administrator

### Section 15

An administrator shall meet the requirements set forth in Chapter 7, section 1, first paragraph of the Bankruptcy Act (SFS 1987:672) and must enjoy the confidence of the creditors.

In conjunction with the assessment of whether an individual is suitable as administrator, particular consideration shall be given to whether they have experience, in the capacity of a trustee in bankruptcy, of continuing to operate a business on behalf of a bankruptcy estate pursuant to Chapter 8, Section 2 of the Bankruptcy Act or has other comparable experience.

### Section 16

In conjunction with the company restructuring, the administrator shall investigate whether the business which the debtor conducts can continue, in whole or in part, and if so, in what manner. The administrator shall also assist the debtor in preparing a restructuring plan and otherwise perform the duties set forth in the Act.

The administrator shall seek to ensure that the interests of creditors are not disregarded.

The administrator may retain the services of an expert assistant.

### Section 17

An administrator who is not suitable or who, for some other reason, should be removed from the position, shall be dismissed by the court. An issue regarding the dismissal of an administrator shall be addressed upon request by the supervisory authority, the administrator, a creditor, or the debtor.

The supervisory authority shall be afforded an opportunity to be heard before the court adjudicates an issue regarding dismissal.

## Creditors' meeting and creditors' committee

### Section 18

At the creditors' meeting, the creditors shall be afforded an opportunity to be heard regarding whether the company restructuring should continue.

Upon request of any creditor, the court shall appoint a creditors' committee at the creditors' meeting from amongst the creditors. Not more than three persons may serve on the committee. Where the debtor, during the immediately preceding financial year, employed an average of not fewer than 25 employees, the employees shall be entitled to appoint one representative to the committee in addition thereto. Where special cause exists, the court may appoint additional persons to serve on the creditors' committee.

The administrator shall afford the creditors' committee the opportunity to be heard on all material issues unless there is some impediment to doing so.

## The debtor's obligations

### Section 19

The debtor is obligated to provide the administrator with all information regarding its financial position which is of significance in the restructuring of the business.

The debtor shall comply with the administrator's instructions regarding the manner in which the business shall be operated.

### Section 20

During the company restructuring, the debtor shall retain control over its own property. However, in the absence of consent by the administrator, the debtor may not:

1. perform obligations which arose prior to the order regarding company restructuring or provide security for such obligations;

2. assume new obligations which are not in the course of the day-to-day management of the business; or

3. transfer, pledge, or grant any rights in property of material significance to the debtor's business.

The requirement of the administrator's consent is also set forth in Chapter 3, sections 2 and 9.

### Section 21

The administrator may consent to a measure also in cases other than those set forth in section 20.

The administrator may consent to the debtor performing an obligation pursuant to section 20, first paragraph, subsection 1 where there are exceptional reasons.

## Recission of a legal act

### Section 22

A legal act that the debtor undertakes in violation of section 20, first paragraph, subsections 1–3, shall be rescinded where the administrator, within a reasonable time after they learned or should have learned about the legal act, so requests.

A legal act between the debtor and a third person which is undertaken on or before the date on which the restructuring was registered in the insolvency register shall be valid notwithstanding the first paragraph, unless it is shown that the other party knew or had reasonable grounds to believe that company restructuring had been ordered for the debtor.

## Enforcement measures during a company restructuring

### Section 23

During the period when the company restructuring is pending, no attachment or other enforcement measures pursuant to the Enforcement Code may take place against the debtor. During this period of time, a creditor also may not, in any other manner, realise the assets of the debtor.

However, a levy of execution or realisation of assets may take place in respect of a claim:

1. for which the creditor holds a chattel mortgage or right of retention, where it is unlikely that the company restructuring will thereby be jeopardised, or where the impact on the creditor would otherwise be unreasonably burdensome;

2. which relates to a maintenance allowance; or

3. for wages or other remuneration or for a pension which would have been subject to a right of priority pursuant to section 12 or 13 of the Rights of Priority Act (SFS 1970:979) or for wages during the period of notice of termination of employment, all to the extent the claim is not covered by the national wage guarantee pursuant to the Wage Guarantee Act (SFS 1992:497).

In respect of realisation pursuant to the second paragraph, subparagraph 1, the consent of the administrator is required. Where the creditor realises the assets of the debtor in breach of the requirement of consent, the legal act shall be invalid.

### Section 24

During the period when the company restructuring is pending, judicial assistance pursuant to the Credit Sales between Undertakings Act (SFS 1978:599), etc. may not take place. In addition, orders for sequestration or attachment may not be issued.

### Section 25

Where special cause exists to believe that the debtor is taking or failing to take a particular measure and is thereby jeopardising a creditor's rights, the court may, upon request by the creditor, order that a suitable measure be taken to secure the creditor's rights. The provisions of section 23 shall not prevent enforcement of such an order.

### Section 26

Chapter 2, section 10 a of the Bankruptcy Act (SFS 1987:672) contains provisions regarding a creditor's application to place a debtor into bankruptcy during a pending company restructuring.

## Chapter 3. Contracts entered into prior to the order regarding company restructuring

### Impediments to termination

### Section 1

When an application for company restructuring has been made, a party to a contract with the debtor may not terminate the contract on the grounds that a delay in payment or other performance has occurred or is anticipated to occur prior to the order regarding company restructuring. The aforementioned shall not apply where otherwise provided in this Chapter.

### The debtor's right to performance

### Section 2

The debtor may, with the consent of the administrator, decide that a contract entered into prior to the order regarding company restructuring shall be performed. The consent of the administrator is not required, however, where the contract is in the course of the day-to-day management of the business.

Where the contract relates to ongoing or divisible obligations, the debtor may decide that the contract shall be performed only for a certain period of time or only for a number of the obligations that remain to be performed. This shall not apply, however, where such a limitation would cause significant inconvenience to the contracting party or where the contracting party's right to the debtor's performance is valid against the debtor's creditors.

### Section 3

Where the debtor decides that a contract shall be performed pursuant to section 2, the debtor and its contracting party shall perform the remaining obligations pursuant to the part of the contract which shall be performed.

To the extent that the debtor's obligations under the contract cannot be divided without significant inconvenience to the contracting party, the debtor shall also perform such obligations which correspond to obligations that the contracting party has performed prior to the order regarding company restructuring.

Claims by the contracting party pursuant to the first and second paragraphs shall be deemed to have arisen during the restructuring.

### Section 4

Where the debtor decides that a contract shall be performed pursuant to section 2, in the event the other party to the contract is obligated to perform prior to the debtor and performance by the contracting party is due, the debtor shall provide security for its performance without unreasonable delay at the request of the contracting party. Where the contracting party's performance is not due, the contracting party shall be entitled to receive security only where it is necessary to protect the contracting party against loss for a special reason.

### Section 5

The contracting party shall be entitled to terminate the contract where the debtor does not perform its obligations pursuant to section 3, first and second paragraphs or does not provide security pursuant to section 4.

## The right of the contracting party to receive confirmation of performance

### Section 6

Upon request by the contracting party, the debtor shall, within a reasonable time, confirm whether, and to what extent, a contract shall be performed pursuant to section 2. Where the debtor does not provide any confirmation within a reasonable time, the contracting party may terminate the contract. The aforementioned also applies to such part of the contract which shall not be performed where the debtor decides that the contract shall be performed only to a certain extent.

## The contracting party's protection for performance which the debtor accepts during the company restructuring

### Section 7

Where, following the order regarding company restructuring, the debtor accepts performance from a contracting party without the debtor having decided that the contract shall be performed pursuant to section 2, the contracting party may demand that the performance be returned.

Where the debtor disposes of the performance in such a way that it cannot be returned substantially unchanged or undiminished, the debtor shall be deemed to have decided that the contract shall be performed in respect of the obligation. The aforementioned shall also apply where the debtor makes use of performance such that it cannot be returned.

In the event the performance is not in the course of the day-to-day management of the business, the debtor shall be deemed to have decided that the contract shall be performed only where the administrator, at the time of disposal or use, knew or should have known that the performance had been accepted or of the contract to which the performance relates.

### Section 8

The provisions of section 7, second paragraph, do not apply to the use of leased commercial premises which takes place during the first month following the order regarding company restructuring.

## The debtor's right to terminate long-term contracts

### Section 9

The debtor may, with the consent of the administrator, terminate, subject to three months' notice of termination, a long-term contract to the extent that it shall not be performed pursuant to section 2. The debtor shall compensate for loss incurred by the contracting party as a consequence of the termination. The contracting party's claim for damages shall be deemed to have arisen prior to the order regarding company restructuring.

The first paragraph shall not apply, however, where the contracting party's right to the debtor's performance is valid against the debtor's creditors.

## Contractual provisions that deviate from the law

### Section 10

A contractual provision which restricts the debtor's rights pursuant to section 1–9 is void.

The aforementioned also applies to such a provision which entitles the debtor's contracting party to withhold its performance, terminate the agreement, or otherwise amend the contract to the debtor's disadvantage due to the application or the order regarding company restructuring or plan negotiation, or due to the debtor's financial difficulties on which the application for company restructuring was based.

## Exception for certain claims and contracts

### Section 11

The provisions of sections 1–10 do not apply to a creditor who holds as security financial instruments, currency, or such claims as referred to in Chapter 8, section 10, second paragraph of the Bankruptcy Act (SFS 1987:672).

Provisions regarding close-out netting clauses are contained in Chapter 5, section 1, second paragraph of the Financial Instruments Trading Act (SFS 1991:980).

## Employment contracts

### Section 12

The provisions of sections 1–10 do not apply to employment contracts.

Where an employer continues to perform its undertakings pursuant to an employment contract with the debtor, the employee's claims for wages or other remuneration for work performed later than one month from the date of the order regarding company restructuring are deemed to have arisen during the restructuring.

# Chapter 4. Plan negotiation during company restructuring

## Request for plan negotiation

### Section 1

The debtor in a company restructuring matter may request that the court order negotiation regarding a restructuring plan (plan negotiation).

The administrator may request that the court order plan negotiation where the debtor's request for plan negotiations does not lead to a restructuring plan being confirmed.

### Section 2

A request for plan negotiation shall be in writing and contain:

1. a proposal for a restructuring plan;

2. information regarding whether security has been lodged for the debtor's offers to make payment pursuant to the restructuring plan and in such case what it consists of; and

3. evidence that the restructuring plan has been sent to the affected parties identified in the plan.

The debtor shall make payment in advance to the State for the cost of administrating the issue of confirmation of the restructuring plan.

## Participants in a plan negotiation

### Section 3

Creditors whose claims arose prior to the order regarding company restructuring, as well as shareholders and other parties with an ownership interest in the debtor or the debtor's business participate in a plan negotiation, provided their claims or rights are directly affected by a restructuring plan (affected parties).

## General provisions regarding the restructuring plan

### Section 4

A restructuring plan shall contain the measures which are necessary to successfully address the debtor's financial difficulties and to ensure that the business that the debtor conducts can be continued, in whole or in part, by the debtor or by a third party.

### Section 5

In the restructuring plan, the affected parties shall be divided into one or more of the following groups:

1. creditors whose claims are associated with a right of priority, a security interest, or a right of set-off;

2. creditors with claims under public law, where the claim is not a claim as referred to in subsection 1 or 3;

3. creditors with subordinated claims;

4. creditors with claims other than those referred to in subsections 1–3; and

5. shareholders or other parties who have an ownership interest in the debtor or the debtor's business.

Affected parties in the groups stated in the first paragraph may in turn be divided into additional groups where justified because they have equivalent interests.

### Section 6

In the restructuring plan, affected parties in the same group shall be treated equally in proportion to their respective claims or rights, while different conditions and different rights may be proposed in respect of affected parties in different groups.

## The content of a restructuring plan

### Section 7

A restructuring plan shall contain information regarding:

1. name, personal identification number or registration number, and contact details;

2. who has been appointed as administrator;

3. the position of the employees and the overall consequences of the plan on employment, taking into consideration the collective and individual rights of the employees, as well as which measures have been taken to inform and consult with employee representatives;

4. the affected parties and their claims or rights;

5. the allocation into groups of the affected parties and the reasons for the allocation, as well as the values of the claims and rights in each group;

6. the creditors and the shareholders and other parties with an ownership interest in the debtor or the debtor's business that are not affected by the restructuring plan, as well as an explanation regarding why the plan shall not affect them;

7. the restructuring measures, including any debt restructuring, and the time or time period for the proposed measures; and

8. new financial support provided for the purpose of implementing the plan (new financing) and the reasons why the new financing is necessary to implement the plan.

### Section 8

The following shall be attached to the restructuring plan:

1. a report by the administrator stating:

   a. what measures were taken during the restructuring;

   b. the debtor's financial situation and the causes and extent of the financial difficulties;

c. the distribution which may be expected in a bankruptcy;

d. whether the debtor has disposed of property under such circumstances that it may become subject to avoidance;

e. whether there is reasonable cause to believe that the debtor has committed a crime against its creditors and, if so, the grounds therefor; and

f. how the debtor has fulfilled its accounting obligations;

2. a schedule, prepared by the administrator pursuant to sections 9 and 10, of the debtor's assets and liabilities at the time of the order regarding company restructuring and the request for plan negotiation;

3. the most recent annual report or annual accounts; and

4. a statement by the administrator which contains an assessment of whether the restructuring plan should be approved by the affected parties and explaining why the plan carries reasonable prospects of securing the viability of the business and preventing insolvency.

## Schedule of assets and liabilities

### Section 9

In the schedule pursuant to section 8, subsection 2, the assets shall be entered at the market value at the time the schedule is drawn up.

The value shall be determined on the basis of the debtor's business continuing in whole or in part. In addition, a value shall be determined based on the price at which the assets could have been sold in a bankruptcy.

Where possible, specific information shall also be provided regarding the values which have been ascribed to the assets in the accounting documents or, where such a valuation has not been made, regarding the historical costs.

Interest on an affected party's claim shall not be calculated beyond the date of the order regarding company restructuring. A claim in foreign currency shall be calculated based on the exchange rate applicable on the above-stated date.

### Section 10

The schedule pursuant to section 8, subsection 2, shall state whether a creditor has a right of priority and the basis therefor.

Where the value of property in respect of which a creditor has a specific right of priority or security through a right of repossession is assessed to be less than the creditor's claim, the value of the security shall be stated in the schedule. The foregoing also applies to property which is the subject of financial leasing.

Where a creditor's claim is associated with a general right of priority which, had bankruptcy been ordered at the time of order regarding company restructuring, would not have covered the creditor's claim in full, it shall state how much of the claim is subject to the right of priority.

Where any person has made an objection, this shall be stated.

## Dismissal

### Section 11

Where a request for plan negotiation does not meet the requirements set forth in section 2 or where the restructuring plan does not meet the requirements set forth in sections 7 and 8, the applicant shall be ordered to remedy the deficiency. In the event the applicant does not comply with the order, the request for plan negotiation shall be dismissed.

## Order regarding plan negotiation

### Section 12

Where the request for plan negotiation is not dismissed, the court shall immediately order plan negotiation. The court shall, concurrently:

1. determine the time for a meeting of the affected parties before the court (plan meeting);

2. summon the debtor, the administrator, and the affected parties to the meeting; and

3. publish the order in Post- och Inrikes Tidningar and otherwise in the manner prescribed by the Government.

## Subsequently reported claims or rights

### Section 13

Where a party wishes to participate in the plan negotiation with a claim or a right which has not been included in the proposal for a restructuring plan and which has not become known at a later time, they shall give notice of the claim or the right in writing to the administrator not later one week prior to the plan meeting. In the event the notice is given later, it may not result in postponement of the voting at the plan meeting.

## Objections to the restructuring plan

### Section 14

The administrator, the debtor, or an affected party may object to the following information in the restructuring plan:

1. claims and rights; and

2. the choice of affected parties and the allocation into groups.

An objection shall be submitted in writing to the administrator as early as possible and, in any event, prior to voting at the plan meeting.

The administrator shall submit any objections to the court and promptly notify the debtor and the party who the objection may affect.

## The plan meeting

### Section 15

The plan meeting shall be held not earlier than three and not later than five weeks after the order regarding plan negotiation.

The debtor should personally appear at the plan meeting. At the meeting, the debtor shall provide the court, the administrator, and the affected parties with the information they request regarding the debtor's financial situation. Where the debtor is unable to personally appear, the debtor should appoint a representative.

The administrator shall provide a schedule of the affected parties and of the groups into which the affected parties have been allocated, with information regarding the values in respect of which voting rights may be exercised. The schedule shall also contain any objections made.

### Section 16

A restructuring plan may not be revoked or amended without the approval of the court. A request for the foregoing shall be made not later than at the plan meeting before voting takes place.

Where the court has approved an amendment of the restructuring plan, the adjudication of the plan may be postponed to a continued meeting within three weeks. Where the amendment does not result in the restructuring plan becoming less advantageous to the affected parties, adjudication may only be postponed where special cause exists.

### Section 17

At the plan meeting, the court shall adjudicate the choice of affected parties concerned and the allocation into groups made in the restructuring plan. Where the court does not approve the choice of affected parties or the allocation into groups, the court may make necessary amendments to the restructuring plan or order that the vote pursuant to the second paragraph shall be postponed to a continued meeting within three weeks.

After the courts approves of the choice of affected parties and allocation into groups, the affected parties shall vote on the restructuring plan. An objection that has been made to a claim or a right does not prevent the affected party from participating in the vote with the claim or the right.

### Section 18

Where the outcome of the vote is dependent on whether an objection to a claim or a right is accepted, the court shall, at the meeting, enquire into the issue in the dispute and work towards a settlement. The parties attending the meeting may, with binding effect on any party who is not present, agree that an objection shall lapse or be limited, or may instruct the administrator to enter into settlement with those affected. Where settlement cannot be reached, the court shall adjudicate the objections, or a sufficient number of objections such that the outcome of the voting is the same, irrespective of whether other objections are accepted.

A settlement in respect of a presented objection may not be entered into in a manner other than as is stated in the first paragraph in the absence of the consent of all parties whose rights are dependent upon the settlement.

### Section 19

Where special cause exists, the court, in cases other than those set forth in section 16, second paragraph or section 17, first paragraph, may order that the voting be postponed to a continued meeting within three weeks.

## Adoption of a restructuring plan

### Section 20

A restructuring plan shall be deemed adopted by the affected parties where, for each group, not fewer than two-thirds of the parties voting have approved the plan, and their claims or rights constitute not fewer than two-thirds of the claims or rights for which voting rights may be exercised.

### Section 21

Where both a creditor and a guarantor or a third party who, other than the debtor, is liable for the creditor's claims, wish to vote for such claim, they shall jointly possess a single vote, which shall be calculated on the basis of the creditor's claim. Where they cannot agree, the creditor's position shall prevail unless the other parties buy out the creditor or lodge satisfactory security for the claim.

## Confirmation of a restructuring plan

### Section 22

Where a restructuring plan has been adopted, the court shall adjudicate as soon as possible regarding whether the plan shall be confirmed.

### Section 23

The court shall deny confirmation of the restructuring plan where:

1. affected parties in the same group are not treated equally in proportion to their respective claims or rights;

2. the plan does not have reasonable prospects of preventing the debtor from becoming insolvent or securing the viability of the business;

3. there is reasonable cause to believe that the debtor has surreptitiously favoured any affected party for the purpose of influencing the plan negotiation or that any other deceit has occurred in connection with the plan negotiation;

4. the plan contravenes an act or other statutory instrument or is clearly detrimental to affected parties; or

5. the matter has not been administered in the prescribed manner and the defect may have affected the outcome of the plan negotiation.

Where the restructuring plan prescribes new financing, the plan shall be confirmed only where the new financing is necessary to implement the plan and does not unduly prejudice the interests of the creditors.

Where the court denies confirmation of the plan pursuant to the first paragraph, subsection 5, the court may order the interested parties to vote on the plan at a new plan meeting.

### Section 24

Following an objection by an affected party, the court shall also deny confirmation of the restructuring plan where the financial outcome for the affected party would become worse due to the plan than it would have been in the event of the debtor's bankruptcy.

Following an objection by an affected party, the court may also deny confirmation of the restructuring plan where it would be prejudicial to the affected party in another way, there is no satisfactory security for the implementation of the plan, or there otherwise is special cause not to confirm the plan.

## Confirmation of a restructuring plan which has not been adopted

### Section 25

Notwithstanding that a restructuring plan has not been adopted, it shall be confirmed by the court upon the request of the debtor, the administrator, or an affected party, where:

1. there is no cause to deny confirmation under section 23 or 24;

2. the plan has been approved by more than one-half of the groups of affected parties; and

   a. at least one of these groups is comprised of creditors whose claims are associated with a right of priority, a security interest, or a right of set-off; or

   b. at least two of these groups are comprised of creditors who can be expected to receive payment in the event of the debtor's bankruptcy;

3. the group or groups of affected parties that voted against the plan receive treatment that is at least as beneficial as that of other groups which, in the event of the debtor's bankruptcy, have the same priority;

4. the group or groups of affected parties that voted against the plan receive full satisfaction for their claims with the same or equivalent funds, provided a group which has lower priority in the event of the debtor's bankruptcy shall receive any payment or retain any right under the plan; and

5. no group of affected parties under the plan receives or retains more than the full value of their claims or rights.

### Section 26

Where exceptional reasons exist, the restructuring plan may be confirmed even where it deviates from section 25, first paragraph, subsection 3 or 4.

### Section 27

In order for the court to confirm a restructuring plan pursuant to section 25 or 26, the debtor's consent is required where the debtor has fewer than 250 employees; and

1. turnover that does not exceed EUR 50 million per year; or

2. a balance sheet total which does not exceed EUR 43 million per year.

## Valuation of the debtor's business

### Section 28

Where an affected party objects that there is an impediment to confirming the restructuring plan pursuant to section 24, first paragraph, or section 25, first paragraph, subsection 2 b, the court, in connection with the adjudication of the objection, shall carry out a valuation which ascertains the financial outcome for affected parties if the debtor is placed into bankruptcy.

## Effect of a confirmed restructuring plan

### Section 29

A confirmed restructuring plan is binding on the debtor and all affected parties, as well as on the debtor's contracting parties in contracts for new financing.

Where the restructuring plan contains debt restructuring, a creditor whose claim was not known when the restructuring plan was confirmed is only entitled to payment corresponding to that which was received by the group into which the creditor would have been placed had the creditor been known.

**Section 30**

A creditor who has accepted a restructuring plan which contains debt restructuring shall not thereby forfeit their right against a guarantor or any other party that, apart from the debtor, is liable for the claim.

## Relationship to the Swedish Companies Act

**Section 31**

Where a confirmed restructuring plan contains information about changes of the share capital, the plan has the same effect as a resolution of a general meeting of the shareholders pursuant to Chapter 11, section 2, Chapter 16, section 2 or 3, or Chapter 20, section 3 of the Companies Act (SFS 2005:551).

Where a confirmed restructuring plan contains such amendments of the articles of association which, pursuant to Chapter 11, section 2, second paragraph, or Chapter 20, section 4, first paragraph, of the Companies Act are required to implement a change in the share capital, the plan has the same effect as a resolution of a general meeting of the shareholders.

In a restructuring plan, deviations may be made from the provisions regarding the shareholders' preemption rights set forth in Chapter 13, section 1, first paragraph, Chapter 14 section 1, first paragraph, and Chapter 15, section 1, first paragraph of the Companies Act.

**Section 32**

Where a restructuring plan proposes an increase or decrease in the share capital, the provisions of Chapter 12, section 3, Chapter 13, section 3, Chapter 14, section 3, Chapter 15, section 3, and Chapter 20, section 6 of the Companies Act (SFS 2005:551) regarding the board of directors' obligations to prepare proposed resolutions shall instead apply to the party who requests plan negotiation.

## Appointment of a supervisor

**Section 33**

Upon request by an affected party, the court shall, where cause exists, appoint the administrator or other suitable person to exercise supervision over the debtor's performance of its obligations pursuant to the restructuring plan. If necessary, a replacement for the supervisor shall also be appointed.

The debtor shall provide the supervisor with the information they request and shall follow the instructions given by the supervisor.

The provisions regarding removal of an administrator set forth in Chapter 2, section 17 shall apply to questions concerning the dismissal of a supervisor.

## Revocation of a confirmed restructuring plan

**Section 34**

Upon request of an affected party or a supervisor, the court may revoke, in whole or in part, a confirmed restructuring plan, where the debtor:

1. has committed fraud against the creditors;

2. has committed intentional obstruction of a bankruptcy or execution proceedings;

3. has surreptitiously favoured any affected party for the purpose of influencing the outcome of the plan negotiation;

4. has failed to perform its obligations pursuant to section 33, second paragraph; or

5. in any other manner, has materially breached its obligations under the restructuring plan.

Where the restructuring plan is revoked in whole or in part, the debtor and the affected parties shall be entitled to that which would have applied had the plan not been confirmed. Legal acts that have already been undertaken shall, however, survive.

# Chapter 5. Avoidance and set-off during the company restructuring

## Avoidance

### Section 1

Following the issuance of an order regarding company restructuring, the provisions of the Bankruptcy Act (SFS 1987:672) regarding avoidance in bankruptcy shall be applied, provided a restructuring plan which contains debt restructuring is thereafter confirmed.

Where an action for avoidance relates to rights of priority or payment obtained through attachment, the court may order that continued execution in the enforcement action shall be stayed until further notice.

### Section 2

An action for avoidance may be brought by the administrator or by an affected party. Action shall be brought prior to the plan meeting and may not be conclusively adjudicated before the restructuring plan has been confirmed. An affected party that wishes to bring action shall notify the administrator. Where such notice has not been given, an affected party's action may not be heard.

An action for avoidance shall be dismissed where:

1. the company restructuring terminates without a restructuring plan being confirmed; and

2. the debtor is not placed into bankruptcy following a petition which is filed within three weeks from the date on which the company restructuring terminated.

### Section 3

Amounts recovered in an action for avoidance shall, following reimbursement of the plaintiff's costs, be distributed on the bases set out in the debt restructuring unless otherwise stated in the restructuring plan. A defendant who may obtain a claim against the debtor as a result of the action brought by the plaintiff may participate with the claim in the plan negotiation and shall be entitled to set off any distribution payable to the defendant against what the defendant would otherwise be obligated to pay.

The court may order separate administration of that which accrues to the affected parties pursuant to the first paragraph, provided one of the affected parties or the debtor so request in the action for avoidance. Property which has been placed under such administration may be attached only where the restructuring plan has been revoked.

## Set-off

### Section 4

A creditor with a claim against the debtor at the time of the order regarding company restructuring may, notwithstanding that the claim is not due and payable, offset such claim against a claim which the debtor had against the creditor at such time. The foregoing shall not, however, apply where set-off is precluded due to the nature of the claims or an exception pursuant to sections 5 and 6.

The debtor's claim for payment shall be deemed to have arisen during the restructuring where the claim is not a claim for money in accordance with a contract which the debtor has decided shall be performed pursuant to Chapter 3, section 2.

### Section 5

Where a claim against the debtor has been acquired through transfer from a third party later than three months prior to the application for company restructuring, such claim may not be used for set-off against a claim which the debtor had at the time when the creditor acquired its claim where, taking the circumstances into consideration, the acquisition cannot be deemed to be ordinary.

The first paragraph shall also apply where claims against the debtor were acquired earlier and the creditor, at such time, had reasonable cause to believe that the debtor was insolvent.

In respect of a decedents' estate, however, the time referred to in the first paragraph shall be calculated commencing with the application for the transfer of the estate to an estate administrator for administration, provided that an application for company restructuring follows within three months from the date when the estate administrator was appointed.

### Section 6

A creditor who has become indebted to the debtor under such circumstances as may be equated with payment other than by customary means of payment may not undertake set-off to the extent such payment could have become subject to avoidance pursuant to sections 1–3.

### Section 7

Upon application of sections 4–6, a claim for compensation by a guarantor or third party as a result of an obligation which they have satisfied shall be deemed to have been acquired when their obligation was first incurred.

### Section 8

Where, following the order regarding company restructuring, the debtor assigns a claim and a creditor thereby loses its right to set-off, the creditor's claim shall be deemed to have arisen during the restructuring, to the extent it could have been discharged through set-off.

# Chapter 6. Termination of the company restructuring

## Section 1

The court shall order that the company restructuring shall terminate, where:

1. the purpose of the company restructuring can be presumed to have been achieved;

2. the debtor so requests and no order regarding plan negotiation has been issued;

3. the administrator so requests;

4. it can be presumed that the purpose of the company restructuring will not be achieved;

5. there are such deficiencies and defects in the debtor's accounting records that it is not possible to assess the course of the business activities, financial results, or financial position in general;

6. it would be unreasonable in respect of one or more creditors or groups of creditors for the company restructuring to continue; or

7. the administrator is dismissed and a new administrator is not appointed.

Where the debtor is placed into bankruptcy, the company restructuring shall terminate.

## Section 2

In cases other than those referred to in section 1, the court shall order that the company restructuring shall terminate when three months have passed since the date of the order regarding company restructuring.

Where special cause exists, however, the court may, upon request by the debtor, the administrator or a creditor, permit the company restructuring to proceed for not more than an additional three months. Where exceptional reasons exist, the court may, under corresponding conditions, extend the period by additional periods not to exceed three months each time.

In connection with the assessment of whether an extension of time is to be ordered, the court shall take particular notice of what progress has been made in the negotiations regarding the restructuring plan and how a continuation of the company restructuring would affect the rights or interests of the creditors.

## Section 3

Company restructuring may not, however, proceed for an aggregate period exceeding twelve months, unless the court has ordered plan negotiation prior thereto. In such case, the company restructuring shall terminate not later than fifteen months after the order regarding company restructuring.

The rules set forth in Chapter 2, sections 23 and 24 and Chapter 3, section 1 of this Act and Chapter 2, section 10 a of the Bankruptcy Act (SFS 1987:672) shall, at no time, apply in excess of twelve months from the order regarding company restructuring.

## Section 4

Before the court issues an order pursuant to section 1, first paragraph or section 2, second paragraph, the debtor, the administrator, the supervisory authority, and any creditors who attended the creditors' meeting pursuant to Chapter 2, section 13, second paragraph shall be afforded an opportunity to be heard. Where a creditors' committee has been appointed, it shall also be afforded an opportunity to heard.

# Chapter 7. Supervision of administrators

## Section 1

The Swedish Enforcement Authority is the supervisory authority.

The supervisory authority's duties are set forth in Chapter 2, sections 13 and 17, Chapter 6, section 4, and Chapter 9, section 4.

# Chapter 8. Criminal sanctions and damages

## Damages

### Section 1

Where a creditor's application for company restructuring is not granted and where the creditor, when the application was submitted, lacked reasonable cause to believe that the debtor had such financial difficulties as referred to in Chapter 2, section 10, subsection 1, the creditor shall compensate the debtor for the loss which may reasonably be deemed to have been incurred by the debtor as a consequence of the application and its administration.

An action for damages pursuant to the first paragraph shall be brought before the district court where the matter regarding company restructuring is, or was, pending.

### Section 2

An administrator shall compensate for loss which, in the performance of their duties, they intentionally or negligently caused the debtor, a creditor, or an affected party.

Damages may be reduced based on what is reasonable, taking into consideration the nature of the act, the amount of the loss, and the circumstances otherwise.

Where several administrators shall compensate for the same loss, they shall be jointly and severally liable for damages to the extent the liability in damages in respect of any of them have been reduced pursuant to the second paragraph. A party who has paid damages may seek indemnification from the other parties based on what is reasonable under the circumstances.

### Section 3

An action for damages against an administrator shall be brought within three months from the day on which the order to terminate the company restructuring became final and binding.

The action shall be brought before the district court where the matter regarding company restructuring is, or was, pending.

## Criminal sanctions

### Section 4

An affected party who has obtained any special benefit from the debtor in exchange for their vote at a plan meeting pursuant to Chapter 4 shall be sentenced to payment of a fine or imprisonment for a period of not more than one year.

### Section 5

Prosecution of a debtor for offences against creditors may be brought before the district court where the matter regarding company restructuring is, or was, pending. The aforesaid applies to prosecution of an affected party for offences as referred to in section 4.

För användning i enlighet med Allmänna villkor för Norstedts Juridiks informationstjänster.

# Chapter 9. Miscellaneous provisions

## The administration of matters regarding company restructuring

### Section 1

Unless otherwise prescribed, the Judicial Matters Act (SFS 1996:242) shall apply to the court's administration pursuant to this Act.

## Appeal

### Section 2

Orders regarding company restructuring, plan negotiation, confirmation of a restructuring plan, and orders terminating the company restructuring shall apply with immediate effect, unless otherwise decided by the court. The aforesaid shall apply to orders to appoint or dismiss an administrator.

### Section 3

Decisions of the court pursuant to this Act may be appealed individually. The aforesaid shall not, however, apply to a decision in respect of an issue referred to in Chapter 4, section 16, first paragraph or section 18, or in respect of such new adjudication as referred to in section 23, third paragraph.

In respect of decisions regarding plan negotiation, the period of time for an appeal to be brought shall be calculated from the date on which publication of the decision was made in Post- och Inrikes Tidningar.

## Remuneration to administrators and supervisors

### Section 4

An administrator is entitled to remuneration for work and expenditures necessitated by their appointment. The fee may not be set in an amount which is greater than may be deemed to constitute reasonable remuneration for the assignment, taking into consideration the work required for the assignment, the care and skill with which it has been performed, and the scope of the commercial activities.

The administrator's right to remuneration shall be adjudicated by the court upon request by the supervisory authority, the administrator, or the debtor. Provided the restructuring plan has not been implemented, an affected party whose claim or right is subject to the plan may also request such adjudication.

The supervisory authority shall be afforded the opportunity to be heard before the court issues a decision regarding the administrator's remuneration.

### Section 5

The administrator shall notify the supervisory authority regarding the compensation they request for work and expenses before the company restructuring terminates.

Upon request by the supervisory authority, the administrator shall provide the authority with a report of the work entailed in the assignment, with an itemised account showing the breakdown of the requested amount for the various measures. Where the administrator has engaged such an assistant as referred to in Chapter 2, section 16, third paragraph, this shall be stated in the report.

För användning i enlighet med Allmänna villkor för Norstedts Juridiks informationstjänster.

### Section 6

The provisions of section 4 regarding the administrator's right to remuneration shall apply to a supervisor.

## The debtor's liability for costs

### Section 7

The debtor shall bear the costs for administration by the court, as well as the remuneration referred to in sections 4 and 6.

## Supervisory fee

### Section 8

The debtor shall pay a fee to the State for supervision of the administrators pursuant to the regulations issued by the Government.

## Registration of company restructurings

### Section 9

The Insolvency Regulation of 2015 (Supplemental Provisions) Act (SFS 2017:473) contains provisions regarding registration of company restructurings in an insolvency register.

# Entry into force and transitional provisions

**2022:964**

1. This Act shall enter into force on 1 August 2022.

2. This Act repeals the Company Reorganisation Act (SFS 1996:764).

3. The repealed Act shall, however, continue to apply when an application for company reorganisation has been made prior to the entry into force.

**Fotnoter**