Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 497-4100
jchubak@aminillc.com
Attorneys for Petitioner Magnus Löfving as
Administrator of Debtor Go North Group
AB

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No. 24-11598 (MEW) |
|---|---|
| GO NORTH GROUP AB, | Chapter 15 |
| Debtor in a Foreign Proceeding. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION FOR RECOGNITION AND RELATED RELIEF**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

JURISDICTION AND VENUE ..................................................................................................... 2

BACKGROUND ............................................................................................................................ 2

I. CORPORATE ORGANIZATION ...................................................................................... 2

II. THE DEBTOR'S BUSINESS .............................................................................................. 2

III. CAPITAL STRUCTURE ..................................................................................................... 3

ARGUMENT .................................................................................................................................. 4

I. LEGAL STANDARD .......................................................................................................... 4

II. THE REQUIREMENTS FOR RECOGNITION ARE SATISFIED ................................... 4

    A. Petitioner is a Foreign Representative ..................................................................... 4

    B. The Swedish Proceeding is a Foreign Proceeding ................................................... 5

    C. The Swedish Proceeding Should be Recognized as a Foreign Main Proceeding or Alternatively as a Foreign Nonmain Proceeding ............................................... 5

    D. All Other Requirements for Recognition for Recognition are Satisfied .................. 7

III. RELIEF UNDER 11 U.S.C. § 1521 IS APPROPRIATE ..................................................... 7

NO PRIOR REQUEST ................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cunard S.S. Co. Ltd. v. Salen Reefer Services AB*,
 773 F.2d 452 (2d Cir. 1985) ................................................................................................... 5

*In re Suntech Power Holdings Co.*,
 520 B.R. 399 (Bankr. S.D.N.Y. 2014) ..................................................................................... 6

*In re B.C.1 Finances Pty Ltd.*,
 583 B.R. 288 (Bankr. S.D.N.Y. 2018) ..................................................................................... 7

**Statutes and Rules**

11 U.S.C. § 101 ............................................................................................................................ 4, 5

11 U.S.C. § 109 ............................................................................................................................ 2, 7

11 U.S.C. § 1501 ............................................................................................................................. 2

11 U.S.C. § 1502 ..................................................................................................................... 4, 5, 6

11 U.S.C. § 1509 ............................................................................................................................. 1

11 U.S.C. § 1515 ............................................................................................................................ 4, 7

11 U.S.C. § 1516 ............................................................................................................................ 5, 6

11 U.S.C. § 1517 ............................................................................................................................ 1, 4

11 U.S.C. § 1519 ............................................................................................................................. 2

11 U.S.C. § 1520 ............................................................................................................................. 7

11 U.S.C. § 1521 ............................................................................................................................ 1, 7

28 U.S.C. § 157 ............................................................................................................................... 2

28 U.S.C. § 1410 ............................................................................................................................. 2

28 U.S.C. § 1334 ............................................................................................................................. 2

Fed. R. Bankr. P. 1007 .................................................................................................................... 7

Fed. R. Bankr. P. 7007.1 ................................................................................................................. 7

Petitioner Magnus Löfving, the duly appointed administrator ("Petitioner") of the above-named debtor Go North Group AB ("Debtor"), which commenced a restructuring proceeding in and was brought under supervision of the District Court of Gothenburg, Sweden ("Swedish Proceeding"), submits this memorandum of law in support of his application for:

- Recognition of the Swedish Proceeding as a foreign main proceeding or alternatively as a foreign nonmain proceeding, pursuant to 11 U.S.C. § 1517(b).

- Recognition of Petitioner as Debtor's foreign representative, pursuant to 11 U.S.C. § 1509.

- Extension of provisional relief granted, pursuant to 11 U.S.C. § 1521(a)(6), in addition to relief available under § 1521(a)(1)-(2) and (5).

## **INTRODUCTION**

The Debtor is an Amazon.com "aggregator". To date, it acquired thirty-four Amazon.com businesses. (Looysen Decl. ¶4.) As with other industry participants,[1] the Debtor grew too much too fast and now has too much debt. The Swedish Proceeding is a reorganization proceeding whose main purpose is to "right-size" the Debtor's balance sheet.

This Chapter 15 case is being filed to stay United States litigation. (Id. ¶8.)

The largest business acquired is from BSB Industries, LLC ("BSB") which owned the PLAYVIBE and PLAYBEA brands. (Id.) The Debtor made an upfront payment of around $9 million in April 2023 pursuant to an Asset Purchase Agreement ("APA"). (Id. ¶9.) However, it defaulted on its first earnout payment due February 2024 under the APA, prompting commencement of an AAA commercial arbitration proceeding in New York seeking money damages for that and the second earnout payment due under the APA and the return of the business including the FBA (fulfilment by Amazon.com) account and associated bank accounts and

---

[1] One or the largest aggregators Thrasio commenced a chapter 11 case on February 28, 2024 in New Jersey Bankruptcy Court, Case 24-11840.

1

trademarks. (Id. ¶10.) Petitioner wishes to prevent BSB from gaining unfair advantage over its other creditors including public bondholders and has accordingly sought provisional relief under 11 U.S.C. § 1519 to stay the arbitration.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334 and 11 U.S.C. § 109 and § 1501.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1410, because the Debtor has assets within this district, in the form of an advance payment retainer. Venue is also consistent with the interest of justice and the convenience of the parties, given that the principal reason for this case is to stay a New York arbitration.

## BACKGROUND

### I. CORPORATE ORGANIZATION

4. The Debtor was incorporated in Sweden and its registered office and business address are in Gothenburg. (Löfving Exhibit 3; Looysen Decl. ¶3.)

### II. THE DEBTOR'S BUSINESS

5. Over 60% of sales on the Amazon.com marketplace are by independent, third-party sellers.[2]

6. Often led by entrepreneurial founders, these sellers typically produce only a single or limited number of products. Many sellers have strong growth aspirations but are unable to grow their businesses effectively due to lack of economies of scale which large e-commerce competitors may enjoy.

---

[2] At a Glance: Selling in Amazon's Store, https://sellingpartners.aboutamazon.com/impact.

7. The Debtor is an "aggregator" of these sellers. (Looysen Decl. ¶4.) It acquires seller brands and their underlying businesses from owners and consolidates them into its platform. Following an acquisition, the Debtor works to generate cost-saving and revenue-enhancing synergies with other businesses in its portfolio to facilitate growth. (Id.)

8. The Debtor's management team has deep experience in growing brands, using inter alia marketing expertise, data science and a deep understanding of the e-commerce space. The Debtor also navigates the Amazon.com selling process to position its brands to better reach and serve customers. (Id. ¶5)

9. However, the Debtor grew without proper protocols in place to scale efficiently and limit costs. In addition, certain businesses failed to grow as projected or failed to cleanly integrate into the Debtor's portfolio. Further, when e-commerce demand decreased post-pandemic, the Debtor's costs began to constrain liquidity and threaten the health of the business. The Debtor's capital structure which increased as the Debtor sought to fuel its rapid growth also caused financial pressure. (Id. ¶6.)

10. The Swedish Proceeding was commenced to de-lever the Debtor's balance sheet and effectuate a fair and equitable reorganization. (Id. ¶7.)

11. This Chapter 15 case is being commenced to stay BSB's arbitration pending the completion of the reorganization.

### III. CAPITAL STRUCTURE

12. The Debtor is indebted to public bondholders under the following bond/note issues in the following amounts (approximate) as of September 2024:

- Super senior bonds:
  - Cash tranche: USD $10,203,000
  - Set-off tranche: USD $16,508,000

- "Senior" (junior to super senior) bonds:
  - USD tranche: USD $13,982,913, with USD $758,315 in outstanding interest
  - Set-off tranche: SEK 324,673,096, with SEK 4,966,052 in outstanding interest
- Backstop fee note: SEK 15,968,749

(Looysen Decl. ¶6 n.1.)

13. The bond/note instruments (id. Exhibits 1-3) are also posted on the Debtor's [website](#).

14. Each bond tranche and note are publicly traded and have their own ISIN number, indicated on the cover of the respective instrument.

## ARGUMENT

### I. LEGAL STANDARD

15. 11 U.S.C. § 1517(a) mandates entry of an order recognizing a foreign proceeding if "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515."

### II. THE REQUIREMENTS FOR RECOGNITION ARE SATISFIED

#### A. Petitioner is a Foreign Representative

16. 11 U.S.C. § 101(24) defines "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

17. Petitioner satisfies these requirements, in that he was appointed administrator of the Debtor in the Swedish Proceeding. (Löfving Decl. ¶¶3-5 and Exhibit 1.)

4

### B. The Swedish Proceeding is a Foreign Proceeding

18. 11 U.S.C. § 101(23) defines "foreign proceeding" as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."

19. The Swedish Proceeding satisfies these requirements. Restructurings under the Swedish Company Restructuring Act (*Lag om företagsrekonstruktion (SFS 2022:964)*) are a court-supervised process. The act (English translation at Löfving Decl. Exhibit 2) mimics Chapter 11 in many respects, in that inter alia it permits the debtor to remain in possession, provides for appointment of a creditors' committee and contemplates a restructuring on terms set forth in a plan confirmed by the Swedish District Court whose terms must be negotiated in advance with creditors pursuant to a court-supervised process. (Löfving Decl. ¶¶6-15.)

20. The Second Circuit previously affirmed grants of comity to Swedish bankruptcy proceedings. *Cunard S.S. Co. Ltd. v. Salen Reefer Services AB*, 773 F.2d 452 (2d Cir. 1985).

### C. The Swedish Proceeding Should be Recognized as a Foreign Main Proceeding or Alternatively as a Foreign Nonmain Proceeding

21. 11 U.S.C. § 1502(4) defines "foreign main proceeding" as "a foreign proceeding pending in the country where the debtor has the center of its main interests."

22. Pursuant to 11 U.S.C. § 1516(c), the location of a debtor's registered office is presumed to be its center of main interests.

23. Here, the Debtor's registered office and business address is in Gothenburg, Sweden. (Löfving Decl. ¶16 and Exhibit 3.)

24. In addition to the § 1516(c) presumption, courts consider any relevant factors including: (a) location of assets; (b) location of books and records; (c) location of the majority of creditors; (d) commercial expectations of creditors; and (e) location of management. *In re Suntech Power Holdings Co.*, 520 B.R. 399, 416 (Bankr. S.D.N.Y. 2014).

25. These factors also weigh in favor of recognition as a foreign main proceeding.

26. The Gothenburg office is the Debtor's sole office, the location of its books and records and the location from which all of its employees work from. (Looysen Decl. ¶3.)

27. As to creditor expectations, the Debtor's bonds/note instruments (id. Exhibits 1-3) are governed by Swedish law and apply Swedish accounting standards with the agent and security agent for each being Intertrust (Sweden) AB.

28. The Gothenburg address is also that listed in its APA with BSB; and when BSB commenced litigation it listed that address in its arbitration demand. (Looysen Decl. Exhibit 4; Chubak Decl. Exhibit 1.)

29. Under these circumstances, it is submitted that there is sufficient evidence to support recognition as a foreign main proceeding.

30. Should the court determine that the Swedish Proceeding does not meet the criteria for recognition as a foreign main proceeding, it should still be recognized as a foreign nonmain proceeding. 11 U.S.C. § 1502(5) defines that term as "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." § 1502(2) in turn defines "establishment" as "any place of operations where the debtor carries out non-transitory economic activity." Petitioner submits that, at a minimum, the above activities in Sweden constitute non-transitory economic activity.

D. **All Other Requirements for Recognition for Recognition are Satisfied**

31. The document required by 11 U.S.C. § 1515(b) is filed herewith. (Löfving Decl. Exhibit 1.)

32. The petition is accompanied by the FRBP 1007(a)(4) list.

33. A FRBP 7007.1 statement has been filed.

34. Eligibility requirements are satisfied because the Debtor has United States property in the form of an advance payment retainer with counsel. (Chubak Decl. ¶2.) *In re B.C.1 Finances Pty Ltd.*, 583 B.R. 288, 294 (Bankr. S.D.N.Y. 2018) ("the retainer account constitutes property of the Debtors that satisfies Section 109(a)") (collecting cases).

## III. RELIEF UNDER 11 U.S.C. § 1521 IS APPROPRIATE

35. Petitioner asks that the order granting recognition grant relief under 11 U.S.C. § 1521(a)(1)-(2) and (5)-(6). Such relief is sought to prevent BSB from gaining unfair advantage over the Debtor's other creditors which include public bondholders.

## NO PRIOR REQUEST

36. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, Petitioner requests an order (1) recognizing the Swedish Proceeding as a foreign main proceeding, (2) recognizing Petitioner as the Debtor's foreign representative, (3) granting relief under 11 U.S.C. § 1521(1)-(2) and (5)-(6), in addition to relief under 11 U.S.C. § 1520 and (4) granting such other and further relief as the Court deems just and proper.

Dated: New York, NY
September 16, 2024

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 497-4100
jchubak@aminillc.com
Attorneys for Petitioner Magnus Löfving as Administrator of Debtor Go North Group AB