Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 497-4100
jchubak@aminillc.com
Attorneys for Petitioner Magnus Löfving as
Administrator of Debtor Go North Group
AB

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 24-11598 (MEW) |
| GO NORTH GROUP AB, | Chapter 15 |
| Debtor in a Foreign Proceeding. | |

### EMERGENCY MOTION FOR PROVISIONAL RELIEF

Petitioner Magnus Löfving, the duly appointed administrator ("Petitioner") of the above-named debtor Go North Group AB ("Debtor"), which commenced a restructuring proceeding in and was brought under supervision of the District Court of Gothenburg, Sweden ("Swedish Proceeding"), submits this motion for an order granting the following provisional relief pursuant to 11 U.S.C. § 1519 pending the hearing on the petition for recognition:

- Enjoining creditor BSB Industries, LLC ("BSB") from prosecuting its arbitration proceeding against the Debtor, pursuant to 11 U.S.C. § 1519(a);

- Enjoining BSB from seeking confirmation of any award issued in said proceeding, pursuant to 11 U.S.C. § 1519(a);

- Applying the automatic stay to the Debtor and its property located within the United States, pursuant to 11 U.S.C. § 1521(a)(7) made applicable by 11 U.S.C. § 1519(a)(3);

- Suspending the right of any creditor of the Debtor to transfer, encumber or otherwise dispose of any assets of the Debtor, pursuant to 11 U.S.C. § 1521(a)(3) made applicable by 11 U.S.C. § 1519(a)(3); and

- Staying execution against the Debtor's assets, pursuant to 11 U.S.C. § 1519(a)(1).

## BACKGROUND

1.  The Debtor is an Amazon.com "aggregator". To date, it acquired thirty-four Amazon.com businesses. (Looysen Decl. ¶4.) As with other industry participants,[1] the Debtor grew too much too fast and has too much debt. The Swedish Proceeding is a reorganization proceeding whose principal purpose is to "right-size" the Debtor's balance sheet.

2.  This Chapter 15 case is being filed to stay United States litigation. (Id. ¶8.)

3.  The largest business acquired is from BSB which owned the PLAYVIBE and PLAYBEA brands. The Debtor made an upfront payment to BSB of approximately $9 million in April 2023 pursuant to an Asset Purchase Agreement ("APA"). (Id. ¶9.) However, the Debtor defaulted on its first earnout payment due February 2024 under the APA, prompting commencement of an AAA commercial arbitration proceeding in New York seeking money damages for that and the second earnout payment due under the APA and the return of the business including the Amazon.com FBA (fulfilment by Amazon.com) account and associated bank accounts and trademarks.

4.  The return date of BSB's emergency motion for an award directing the return of the business to BSB is September 18, 2024. (Chubak Aff. Exhibit 2.)

5.  Products of Performance LLC ("POP") which sold its business to the Debtor in 2022 likewise commenced an action (W.D. Mich. 24-cv-307, complaint and exhibits hyperlinked) to recover earnout payments under its APA; however, POP has yet to serve the summons and complaint upon the Debtor.

---

[1] One or the largest aggregators Thrasio commenced a chapter 11 case on February 28, 2024 in New Jersey Bankruptcy Court, Case 24-11840.

## ARGUMENT

6.     The requested provisional relief is sought to prevent BSB from gaining unfair advantage over the Debtor and its creditors which include public bondholders (Looysen Decl. n.1) pending recognition.

7.     11 U.S.C. § 1519(a) provides:

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including—

> (1) staying execution against the debtor's assets … and

> (3) any relief referred to in paragraph (3), (4) or (7) of section 1521(a).

8.     11 U.S.C. § 1521(a) in turn permits entry of an order (following recognition):

> (3) suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent it has not been stayed under section 1520(a) ... and

> (7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550 and 724(a).

9.     Provisional relief under § 1519 includes provisional application of the automatic stay under 11 U.S.C. § 362(a) against third parties to maintain the status quo and ensure that the Debtor's assets within the United States are protected.   Indeed, such relief is regularly granted in Chapter 15 proceedings.  *E.g. In re Japan Airlines Corp.*, 2010 WL 1050075, at *2 (¶1.a) (Bankr. S.D.N.Y. Jan. 28, 2010); *In re Compania Mexicana de Aviation S.A. de C.V.* 10-14182 (MG) (Bankr. S.D.N.Y.) (ECF #140).

10.     In granting provisional relief, § 1519(e) provides that "[t]he standards, procedures and limitations applicable to an injunction shall apply."

11. To obtain injunctive relief a party must establish: (a) a likelihood of success on the merits, (b) irreparable harm if provisional relief is not granted and (c) that the balance of hardships tips decidedly in the movant's favor and (d) that public interest favors provisional relief. *In re Lyondell Chem. Co.*, 402 B.R 571, 588 (Bankr. S.D.N.Y. 2009) (applying the "traditional preliminary injunction standard as modified to fit the bankruptcy context").

12. The first factor turns on the likelihood recognition will be granted. *In re Qimonda*, 2009 WL 2210771, at *3 (Bankr. E.D. Va. July 16, 2009) ("The issue upon which [petitioner] must prevail for an injunction to issue is whether an order of recognition will be entered"). This factor weighs in favor of the requested provisional relief, for reasons articulated in the accompanying memorandum in support.

13. More specifically, Petitioner has carried its burden of showing that the Swedish Proceeding is a foreign main proceeding under 11 U.S.C. § 101(23) and that Petitioner is foreign representative under 11 U.S.C. § 101(24), said proceeding is presumptively a foreign main proceeding under 11 U.S.C. § 1516(c) and the documents required by 11 U.S.C. § 1515 have been filed together herewith. (See generally Löfving Decl., and more specifically Exhibits 1-3.)

14. Provisional relief is needed to avoid irreparable harm, because absent the same an award/order may issue requiring the return of the Amazon.com business the Debtor purchased from BSB, to the detriment of its bankruptcy estate. Absent Chapter 15 relief, BSB may seek to exercise enforcement remedies against the Debtor and its property in the United States e.g. garnishment of Amazon.com accounts receivable. It is well established that would result in irreparable harm. *In re Netia Holdings, S.A.*, 278 B.R. 344, 352 (Bankr. S.D.N.Y. 2002) ("It is well established, at least in this district, that the dissipation of the finite resources of an insolvent estate constitutes irreparable injury"); *Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. July 31, 2003) ("irreparable harm is present when the failure to enjoin local actions will disrupt the orderly

reconciliation of claims and fair distribution of assets in a single, centralized forum"); *In re Brierley*, 145 B.R. 151, 168 (Bankr. S.D.N.Y. 1992) ("Harm to the estate exists from the failure to grant injunctive relief in the form of disruption of an orderly determination of claims and fair distribution … in a single case") (internal quotations and citation omitted); *In re Rubin*, 160 B.R. 269, 283 (Bankr. S.D.N.Y. 1993) (there is "little dispute regarding the notion that the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury").

15. The balance of hardships also weighs in favor of provisional relief because it would simply maintain the status quo pending the recognition hearing, and preserve resources that would otherwise be spent on litigation. *In re Innua Can. Ltd.*, 2009 WL 1025088 (Bankr. D. N.J. Mar. 25, 2009) (temporary maintenance of status quo pending recognition hearing benefits creditors "by allowing for an orderly administration of the Foreign Debtors' financial affairs", tipping the balance of harm in favor of the foreign representative); *In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C. 1991) (expending available resources on non-bankruptcy litigation "would constitute a diversion of funds needed for the purpose of maximizing value"; and this further "would constitute irreparable harm").

16. Finally, the requested provisional relief is in the public interest because it is consistent with the purpose of Chapter 15. It would effectuate objectives of "cooperation between courts of the United States … and the courts and other competent authorities of countries", "fair and efficient administration of cross-border insolvencies that protect the interest of all creditors" and "protection and maximization of the value". 11 U.S.C. § 1501(a). Absent such relief, there is material risk that BSB will obtain an order in arbitration directing the return of the subject business and take enforcement action against the Debtor.

17.     FRBP 7065 provides that FRCP 65 "applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee or debtor in possession without compliance with Rule 65(c)."  To the extent FRCP 65(c) applies, the security requirements imposed thereby are unwarranted and any such requirement should be waived.

**NOTICE**

18.     Petitioner has moved to shorten time for hearing on this motion.  Petitioner proposes to serve the resulting order together with this motion on the Office of the United States Trustee, all known United States creditors (BSB and POP) and all parties that have filed an appearance herein.

**NO PRIOR REQUEST**

19.     No prior request for the relief sought in this motion has previously been made to this Court or to any other court.

WHEREFORE, the Court should grant the requested provisional relief, and such other and further relief as the Court deems just and proper.


Dated: New York, NY
           September 16, 2024

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 497-4100
jchubak@aminillc.com
Attorneys for Petitioner Magnus Löfving as
Administrator of Debtor Go North Group
AB