# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> **GO NORTH GROUP AB,** <br><br> Debtor in a Foreign Proceeding. | Case No. 24-11598 (MEW) <br><br> Chapter 15 |

## ORDER GRANTING RECOGNITION AND
## RELIEF IN AID OF FOREIGN MAIN PROCEEDING

Petitioner Magnus Löfving, the duly appointed administrator ("Petitioner") of the above-named debtor Go North Group AB ("Debtor"), which commenced a restructuring proceeding in and was brought under supervision of the District Court of Gothenburg, Sweden ("Swedish Proceeding"), having petitioned for recognition of the Swedish Proceeding as a foreign main proceeding; and upon due consideration of the official form petition, the declarations of Petitioner, Ryan Looysen and Jeffrey Chubak in support and the memorandum of law in support; and the Court having previously granted provisional relief under 11 U.S.C. § 1519; and a hearing having been held to consider the petition for recognition on October 16, 2024 ("Hearing"), at which the declarations of Messrs. Löfving, Looysen and Chubak were received into evidence; and timely and appropriate notice of the Hearing having been given, and no other or further notice being necessary or required; and no objections having been filed; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefor, the Court makes the following findings of fact and conclusions of law:

    A.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and General Order M-431.

    B.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

    C.    Venue is proper before this Court under 28 U.S.C. § 1410(2) because the Debtor possesses assets in this district.

D. Petitioner is the "foreign representative" of the Debtor under 11 U.S.C. § 101(24).

E. This Chapter 15 case was properly commenced under 11 U.S.C. §§ 1504, 1509 and 1515.

F. The requirements of 11 U.S.C. § 1515 and FRBP 1007(a)(4) are satisfied.

G. The Swedish Proceeding: (i) is a foreign proceeding under 11 U.S.C. § 101(23); (ii) is entitled to recognition under 11 U.S.C. § 1517 and (iii) is pending in the country where the Debtor's center of main interests is located and accordingly is a foreign main proceeding under 11 U.S.C. § 1502(4) and is entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

H. Petitioner is entitled to all relief afforded under 11 U.S.C. § 1520 and the additional relief provided herein pursuant to 11 U.S.C. § 1521.

I. The relief granted hereby is necessary and appropriate, in the interests of public and international comity, consistent with United States public policy and warranted under 11 U.S.C. §§ 1507, 1517, 1520 and 1521.

Now, therefore, it is hereby:

ORDERED, the petition is granted as set forth herein; and it is further

ORDERED, that the Swedish Proceeding is hereby recognized as a foreign main proceeding pursuant to 11 U.S.C. § 1517(a) and (b)(1); and it is further

ORDERED, that the relief and protection afforded under 11 U.S.C. § 1520 is hereby granted, including the application of the automatic stay under 11 U.S.C. § 362(a) to the Debtor and its property located within the territorial jurisdiction of the United States; and accordingly, except to the extent permitted by 11 U.S.C. § 362 or elsewhere in the Bankruptcy Code, all persons and entities (including BSB Industries, LLC and Products of Performance LLC) are stayed from: (1) executing against the Debtor's property or assets; (2) taking or continuing any act to obtain

possession of or exercise control over the Debtor or any of its United States property or assets; (3) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Debtor or any of its United States property or assets, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to the Debtor or any of its United States property or assets; and (4) transferring, relinquishing or disposing of any United States property or assets of the Debtor to any person or entity other than Petitioner; and it is further

ORDERED, that for the avoidance of doubt, (1) BSB Industries, LLC is hereby enjoined from prosecuting its arbitration proceeding against the Debtor or seeking confirmation of any order or award issued in said proceeding and (2) Products of Performance LLC is hereby enjoined from prosecuting its action against the Debtor (W.D. Mich. 24-cv-307); and it is further

ORDERED, that Petitioner is authorized to exercise the powers of a trustee to the extent provided by 11 U.S.C. §§ 1520-21; and it is further

ORDERED, that the administration or realization of all or part of the Debtor's property or assets located within the territorial jurisdiction of the United States is hereby entrusted to Petitioner, and Petitioner is hereby established as the Debtor's exclusive representative in the United States; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement hereof, and any request for relief from the provisions hereof for cause shown.

Dated: New York, NY
      October 16, 2024                             **s/Michael E. Wiles**
                                                               Hon. Michael E. Wiles
                                                               United States Bankruptcy Judge